IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM RAY LEGGETT | ) | |
| | ) | |
| v. | ) | NO. 3:21-00924 |
| | ) | |
| GALLATIN POLICE DEPARTMENT | ) | |

**TO:    Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered December 17, 2021 (Docket Entry No. 4), this *pro se* civil rights case was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion to dismiss filed by the Gallatin Police Department (Docket Entry No. 12), which is opposed by Plaintiff. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that this case be dismissed.

### I. BACKGROUND

William Ray Leggett ("Plaintiff"), a resident of Nashville, Tennessee, filed this *pro se* lawsuit on December 13, 2021, against the Gallatin Police Department ("Police Department" or "Defendant"). *See* Complaint (Docket Entry No. 1). Plaintiff seeks damages of one hundred million dollars for claims brought under 42 U.S.C. § 1983 based on allegations that his federal constitutional rights were violated in Gallatin, Tennessee by officers of the Police Department. *Id*. at 4-5. He contends that he suffered harassment, mental abuse, and excessive force on October 24, 2020, and then again on April 17, 2021, when he was improperly arrested on minor

criminal charges, including criminal trespass and failure to appear, and when handcuffs were placed on his injured right wrist by the officers. *Id*. at 7-10. Plaintiff alleges that one of the criminal charges for which he was arrested on October 24, 2020 had been dismissed, but the arresting officers would not take any steps to verify the dismissal until Plaintiff was arrested and taken to the police station. *Id*. at 7.

Plaintiff served the Police Department with process. In lieu of an answer, the Police Department filed the pending motion to dismiss the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Police Department first argues that it is not a legal entity that can be sued under 42 U.S.C. § 1983 because it is not a separate governmental entity but merely a subdivision of the City of Gallatin. The Police Department then argues that, even if Plaintiff's complaint is construed as being brought against the City of Gallatin, Plaintiff fails to set out facts that plausibly support a municipal liability claim against the City of Gallatin under Section 1983. Finally, the Police Department argues that a one-year statute of limitations applies to Plaintiff's Section 1983 civil rights claims and that any claims based upon the events occurring on October 24, 2020 are barred from consideration because the lawsuit was not brought within one year of those events.

Plaintiff responds to the motion to dismiss by setting forth two pages of spiritual testimony and a page of factual allegations about the two events at issue, which he contends show that he was wronged by the police officers. *See* Response (Docket Entry No. 16) at 3.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Church's Fried*

*Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is a *pro se* litigant, the Court is also required to view his complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). The complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III. ANALYSIS

The Police Department raises sound legal defenses and arguments that require that its motion to dismiss be granted and this case be dismissed. These defenses and arguments have not been countered by Plaintiff despite his response in opposition.

Initially, the Police Department correctly points out that, based on the face of Plaintiff's own allegations, his claims arising from the events of October 24, 2020 are based upon events that occurred more than one year prior to this case being filed. Accordingly, any claim based upon these events must be dismissed as untimely because the claim is barred by the one-year statute of limitations that applies to Section 1983 claims for civil rights violations. *See*

*Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986).

Plaintiff's claims that arise out of the events occurring on April 17, 2021 must likewise be dismissed because Plaintiff has not sued a proper defendant. A municipal agency or department, such as a sheriff's or police department, is generally not an entity that can be sued as a defendant under Section 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *Buchannan v. Williams*, 434 F.Supp.2d 521, 529 (M.D. Tenn. 2006). Because the Police Department is not a legal entity that can be sued under Section 1983, this case must be dismissed even as to timely raised claims.

For these reasons, the only claims that are before the Court must be dismissed. Although Plaintiff proceeds *pro se* and his pleadings are entitled to a certain measure of liberal construction, the Court cannot speculate as to the viability of possible claims that are not actually raised and before the Court. It is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). *See Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) ("This Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss."); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D.Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss).

**RECOMMENDATION**

For the reasons set out above, it is respectfully RECOMMENDED that the motion to dismiss filed by the Gallatin Police Department (Docket Entry No. 12) be GRANTED and that this case be DISMISSED in its entirety as to all claims.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

    _____
    BARBARA D. HOLMES
    United States Magistrate Judge

5